IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARL E. DICKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-08-1375-F |
| | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

# REPORT AND RECOMMENDATION

Plaintiff Carl Dickson seeks judicial review of a denial of benefits by the Social Security Administration ("SSA"). The Court should reverse and remand for an award of benefits.

I.  BACKGROUND

On February 25, 1999, Mr. Dickson applied for insurance benefits and supplemental security income based on an alleged disability. Administrative Record at pp. 94-96, 394-95 (certified Mar. 19, 2009) ("Rec."). The SSA denied the applications,[1] but the federal district court reversed and remanded for further proceedings.[2] A second administrative hearing was held, and again benefits were denied. *Id.* at pp. 417-27. The present action followed, with Mr. Dickson alleging error in the administrative law judge's assessment of residual functional capacity.

---

[1]   Rec. at pp. 5-6, 12-15, 60-61, 396, 400.

[2]   Rec. at pp. 527-28.

II.     STANDARD OF REVIEW

The Court must determine whether the SSA's decision is based on substantial evidence and the correct legal standard. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). In this circuit, the SSA must follow specific rules when weighing the evidence, and departure from these rules constitutes reversible error. *See Reyes v. Bowen*, 845 F.2d 242, 244 (10th Cir. 1988).[3]

III.    THE ADMINISTRATIVE LAW JUDGE'S ERROR

The administrative law judge apparently provided multiple reasons for her decision to discount a consultative physician's opinion. At least one of the rationales is invalid, and the administrative law judge may or may not have arrived at the same outcome if she had not committed the error. The uncertainty leaves the Court unable to discern whether the error affected the ultimate result. In these circumstances, the Court must reverse.

A.      The Medical Evidence

In April 1999, Dr. Kumar Ennamuri performed a consultative examination on Mr. Dickson at the request of the SSA. *See* Rec. at pp. 326-28. Dr. Ennamuri noted that the "right hand grip [was] weaker due to weak flexion in the index and middle fingers." *Id.* at p. 327.

---

[3]     There the court stated: "There are specific rules of law that must be followed in weighing particular types of evidence in disability cases. Failure to follow these rules constitutes reversible error." *Reyes v. Bowen*, 845 F.2d 242, 244 (10th Cir. 1988) (citations omitted).

B.   The Administrative Decision

When discussing the medical evidence, the administrative law judge acknowledged Dr. Ennamuri's assessment of weakness in the Plaintiff's right hand, but accorded the opinion "little significance." *Id.* at p. 425. As a result, the judge's findings did not include any limitations involving the right hand. *See id.* at p. 426.

C.   Analysis of the Plaintiff's Argument

Mr. Dickson argues that the administrative law judge had "failed to provide a proper narrative discussing [the Plaintiff's] limitations with regards to his hands." Plaintiff's Brief of his Statement of Position with Authorities at p. 6 (June 4, 2009) ("Plaintiff's Brief"). The Plaintiff is correct.

The administrative law judge described the consultative examiner's conclusions and stated:

> There was no report of effort given, and the doctor reported a weakness of flexion of the right index and middle fingers, of unclear etiology (Exhibit 17F). No other examiner during the relevant period of time has mentioned problems of the hands. The claimant mentioned his left thumb at the initial hearing and did not mention the hands at all at the hearing on remand. The finding is of a weaker flexion of the right hand is of little significance, considering the evidence as a whole.

Rec. at p. 425. In this discussion, the judge appeared to provide three reasons to discount Dr. Ennamuri's opinions regarding the Plaintiff's hands and to omit any hand limitations in the assessment of residual functional capacity. *See supra* p. 3. These reasons involved: (1) The absence of any reference to the intensity of effort during the examination; (2) the lack of any

reference to hand problems by others who had examined Mr. Dickson; and (3) his limited reference in the first hearing to a problem with the left thumb and no mention of any hand problems during the second hearing. *See supra* p. 3. In alleging a failure to give a proper narrative, Mr. Dickson has challenged all of the judge's rationales. At least one of the challenges is valid.

First, the judge discounted Dr. Ennamuri's opinion on grounds that the physician had not noted effort during the consultative examination. Rec. at p. 425; *see supra* p. 3. Mr. Dickson questions the rationale, suggesting that one cannot infer the absence of effort from the physician's lack of discussion on the subject. The Court can assume *arguendo* that the administrative law judge could legitimately infer limited effort from the doctor's lack of discussion.

Second, the judge rejected Dr. Ennamuri's opinion due to a lack of similar findings about the Plaintiff's hands from other physicians. Rec. at p. 425; *see supra* p. 3. The Court may assume *arguendo* that this rationale did not constitute error. *Cf.* Plaintiff's Brief at p. 8 ("Dickson does not dispute this statement on its face" and "the [judge's] statement is facially true").[4]

Finally, the judge stated that Mr. Dickson had: (1) complained in the first hearing only about his left thumb, and (2) did not mention any hand problems during the second hearing. Rec. at p. 425; *see supra* p. 3; *infra* p. 5. This statement is incorrect with regard to the testimony at both hearings.

---

[4] Notwithstanding the concession, the Plaintiff contends that the judge had "downplay[ed] the history of problems Dickson ha[d] experienced with his hands." Plaintiff's Brief at p. 8.

In the first hearing Mr. Dickson testified not only about his thumb, but also about pain in making a fist, the need to wrap his left hand at least three times a week because of pain, difficulty in handling small items, and inability to hold an item like a soda can or coffee cup. Rec. at p. 45. The judge apparently overlooked much of this testimony, as she incorrectly stated that Mr. Dickson had simply "mentioned his left thumb at the initial hearing." *Id.* at p. 425; *see supra* p. 3.

The judge also overlooked similar testimony at the second hearing. According to the judge, Mr. Dickson "did not mention the hands at all at the hearing on remand." Rec. at p. 425; *see supra* p. 3; *infra* p. 5. This statement is incorrect, as Mr. Dickson testified at the second hearing:

> Q. Okay. Now, other than the pain you have in your shoulders, where else are you having pain?
>
> A. I've been injured a lot. In my wrists, both of my wrists.
>
> Q. Both of your wrists?
>
> A. Yes, sir. Had surgery to where I have carpal tunnel.
>
> Q. Which wrist have you had the surgery on?
>
> A. Both.
>
> Q. Both. And just, approximately, when did you have the surgeries?
>
> A. I would say '80 -- '98 to --
>
> Q. Okay. That's okay if you don't know. And how often do you -- is both wrists bother you the same or is one worse than the other?

A. My right -- my left one when it flares up, it swells up like my whole wrist, like right now it's just recently going down, but if it flares up, it swells up across here.

Q. All right. You're pointing towards the back of your knuckles --

A. Yes, sir.

Q. -- in your left hand up into your knuckles, between your wrist and your knuckles?

A. All this right here swells. This right here's been going down because I've been kind of working.

Q. Okay. You're talking towards -- you're talking the back of your hand on your left hand?

A. Yes, sir, where I have to grip.

Q. Okay.

A. And this one also, as you can see.

Q. Okay. Now, how often do you have just the pain in your wrist? Is that something that's all the time or is it –

A. It's all the time.

Q. All right. What about using your, like your left hand to pick up small objects like coins, paper clips, can you do that?

A. No. I have carpal tunnel, I can't.

Q. All right. How about holding something bigger like a coke can or a coffee cup, can you do that?

A. Yes, something glass. Something smaller, no, I have to scrape it with my hands.

Rec. at pp. 629-31. Notwithstanding all of this testimony, the judge said that Mr. Dickson had "not mention[ed] the hands at all" in the hearing. *Id.* at p. 425; *see supra* pp. 3, 5. This statement was not correct, as Mr. Dickson had testified extensively in the second hearing about his hand problems.

One of the Plaintiff's challenges is valid, and the Court may assume *arguendo* that the other two challenges are invalid.[5] *See supra* pp. 4-7. The question then becomes whether the administrative law judge would have discounted Dr. Ennamuri's findings without the mistakes about Mr. Dickson's testimony involving his hand problems. The Court cannot

---

[5] In the response brief, the Defendant defends the administrative law judge's consideration of the consultative examiner's report based on the Plaintiff's ability to perform his past job notwithstanding the hand injury, medical records reflecting an ability to make a fist and oppose his thumb to small finger, the absence of a need for stitches, normal range of motion in the joints, the absence of joint swelling, an absence of warmth or tenderness in the joints, the Plaintiff's ability to push and pull a 575-pound floor scrubber, a report reflecting grip strength of 100, 85, and 110 pounds, the absence of any "medical contraindication" of an ability to return to work, the Plaintiff's testimony that he was ambidextrous and could lift and carry up to ten pounds, the Plaintiff's testimony that he could support his weight on his hands when walking with crutches or a cane, neurological findings that the extremities were warm and dry without cyanosis or edema, normal motor and sensory examinations, the absence of lifting restrictions outside of a four-week period, the absence of complaints about swollen or painful joints in the hands when the Plaintiff was incarcerated, jail doctors' approval of the Plaintiff for work in the food service department, the absence of any significant hand complaints during the Plaintiff's incarceration, the absence of arm or leg weakness in February 2007, and medical reports reflecting normal upper extremities in May and August 2007. Brief in Support of the Commissioner's Decision at pp. 6-7 (July 23, 2009). However, the administrative law judge did not refer to any of these evidentiary items as a basis for discounting Dr. Ennamuri's findings regarding a hand impairment. *See supra* p. 3 (quoting the administrative law judge's rationale). The Court cannot uphold the administrative decision based on rationales that the judge had not relied upon. *See Haga v. Astrue*, 482 F.3d 1205, 1207-1208 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the [administrative law judge's] decision that are not apparent from the [judge's] decision itself." (citation omitted)); *see also Allen v. Barnhart*, 357 F.3d 1140, 1142 (10th Cir. 2004) ("Affirming this post hoc effort to salvage the [administrative law judge's] decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process.").

speculate on whether the administrative law judge would have reached the same outcome without her errors about the testimony. In these circumstances, the Court must order reversal.[6]

IV.   THE APPROPRIATE INSTRUCTIONS ON REMAND

With the reversal, the Court could remand to the SSA for further hearing or direct an award of benefits to the claimant. *See Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993). Two factors strongly support an award of benefits.

The first factor is the passage of time. Mr. Dickson applied for benefits over 10½ years ago. *See supra* p. 1. When Mr. Dickson filed the applications, he was 40 years old. *See* Rec. at pp. 94, 394. He is now 51 years old. *See id.* Further delay would be inequitable.[7]

The second factor is the existence of two previous rounds of administrative hearings and administrative reviews. *See supra* p. 1. "The [SSA] is not entitled to adjudicate a case '*ad infinitum* until it correctly applies the proper legal standard and gathers evidence to

---

[6]   *See Mitchell v. Astrue*, 2008 WL 2079435, Westlaw op. at 1, 5 n.15 (W.D. Okla. May 15, 2008) (unpublished op.) (holding that the evaluation of a treating physician's opinion constituted reversible error, notwithstanding the possibility of valid rationales, because the presence of some invalid rationales left the court without any way of knowing whether the administrative law judge would have reached the same decision without the errors); *see also Pennington v. Chater*, 113 F.3d 1246, 1997 WL 297684, Westlaw op. at 5 (10th Cir. June 5, 1997) (unpublished op.) (holding that the credibility assessment involved reversible error when part of the rationale was valid and part was invalid).

[7]   *See Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993) (award directed when the claim was pending over four years); *Frey v. Bowen*, 816 F.2d 508, 518 (10th Cir. 1987) (award directed when more than six years had passed since the claimant's application for disability benefits).

support its conclusion.'" *Sisco v. United States Department of Health and Human Services*, 10 F.3d 739, 746 (10th Cir. 1993) (citation omitted).

The two factors should result in instructions for payment of benefits rather than reconsideration by the SSA.

## V. RECOMMENDATION AND NOTICE OF THE RIGHT TO OBJECT

The Court should reverse and remand with directions for the SSA to award insurance benefits and supplemental security income.

Any party may file written objections with the Clerk of the United States District Court. *See* 28 U.S.C. § 636(b)(1). The deadline for objections is September 20, 2009. *See* W.D. Okla. LCvR 72.1. The failure to file timely objections would result in waiver of the right to appeal the suggested ruling.[8]

## VI. STATUS OF THE REFERRAL

The referral is terminated.

Entered this 31st day of August, 2009.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[8] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").